Index No. 23-cv-1337 (JPC)(JW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D.C.G. and D.G., individually and as next
friend for their child E.G.,

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
NEW YORK CITY BOARD OF EDUCATION,
CHANCELLOR DAVID BANKS, in his official
capacity, and THE CITY OF NEW YORK,

Defendants.

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jason Imbiano*
*Tel: (212) 356-8766*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................1

PRELIMINARY STATEMENT ....................................................................3

FACTUAL BACKGROUND ..........................................................................7

   a. Due Process Complaint ("DPC").........................................8

   b. SRO Appeal ...........................................................9

LEGAL STANDARD......................................................................................9

ARGUMENT

  POINT I

   SRO BATES' DECISION TO DECLINE
   COMPENSATORY EDUCATION IS WELL
   ROOTED IN SECOND CIRCUIT..............................9
   JURISPRUDENCE AND SHOULD BE UPHELD.

   a. E.G. performed on grade level at Winston Prep

    during SY 2021-22 ...........................................13

  POINT III

   PLAINTIFFS' SYSTEMIC CLAIMS ARE
   BOILERPLATE AND UNAVAILING.... .........................15

  POINT IV

   PLAINTIFFS' CLAIMS UNDER § 504 OF THE
   REHABILITATION ACT, 42 U.S.C. § 1983 AND
   NEW YORK EDUCATION LAW ARE
   SIMILARLY UNAVAILING ...................................17

   a. § 504 ..............................................17

   b. § 1983 ............................................18

   c. Educ. Law .......................................18

  POINT V

**Page**

EQUITABLE CONSIDERATIONS FAVOR DOE

CONCLUSION ……………………………………………………………………..19

# TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

*A.S. v. Harrison Twp. Bd. of Educ.*,
   No. 14-CV-0147, 2016 U.S. Dist. LEXIS 57008,
   2016 WL 1717578 (D.N.J. Apr. 29, 2016) ...............................................................9

*B.C. v. Mount Vernon Sch. Dist.*,
   837 F.3d 152 ...............................................................................................................13

*Bd. of Educ. v. Rowley*,
   458 U.S. 176 (1982) ................................................................................................5, 6

*Bettinger v. New York City Bd. of Educ.*,
   No. 06 Civ. 6889 (PAC), 2007 U.S. Dist. LEXIS
   86116 (S.D.N.Y. Nov. 20, 2007) ...............................................................................6

*C.L. v. Scarsdale Union Free Sch. Dist.*,
   744 F.3d 826 ...............................................................................................................7

*Castilla v. City of New York*,
   No. 09 Civ. 5446(SHS), 2013 U.S. Dist. LEXIS 61633,
   2013 WL 1803896 (S.D.N.Y. Apr. 25, 2013) ..........................................................15

*Ctr. for Discovery, Inc. v. D.P.*,
   2018 U.S. Dist. LEXIS 55450 (E.D.N.Y. Mar. 31, 2018) .......................................16

*Doe v. E. Lyme Bd. of Educ.*,
   790 F.3d 440 (2d Cir. 2015)........................................................................................7

*E.M. v. New York City Dep't of Educ.*,
   758 F.3d 442 (2d Cir. 2014)........................................................................................7

*Engwiller v. Pine Plains Cent. Sch. Dist.*,
   110 F. Supp. 2d 236 (S.D.N.Y. 2000).......................................................................15

*FB v. N.Y. City Dep't of Educ.*,
   923 F. Supp. 2d 570 ...............................................................................................7, 11

*N.B. ex rel. H.B. v. New York City Dep't of Educ.*,
   711 F. App'x 29 (2d Cir. 2017) .................................................................................5

*Killoran v. Westhampton Beach Sch. Dist.*,
   2022 U.S. Dist. LEXIS 58579 ...............................................................................9, 11

*L.B. v. New York City Dep't of Educ.*,
   2023 U.S. Dist. LEXIS 19735 ..................................................................................12

*S.A. ex rel. M.A.K. v. N.Y. City Dep't of Educ.*,
No. 12-CV-0435, 2014 U.S. Dist. LEXIS
42649, 2014 WL 1311761 (E.D.N.Y. Mar. 30, 2014) ............................................................8

*M.H. v. New York City Dep't of Educ.*,
685 F.3d 217 (2d Cir. 2012) ..............................................................................................6

*M.M. v. New York City Dep't of Educ.*,
2017 U.S. Dist. LEXIS 47812 ..............................................................................12, 14, 16

*P. ex rel. Mr. and Mrs. P. v. Newington*,
546 F.3d 111 ..................................................................................................................7

*Phillips v. District of Columbia*,
932 F. Supp. 2d 42 ......................................................................................................8-9

*Polera v. Bd. of Educ.*,
288 F.3d 478 (2d Cir. 2002) ............................................................................................9

*Reid v. Dist. of Columbia*,
401 F.3d 516 (D.C. Cir. 2005) ..........................................................................................7

*Reyes v. Bedford Cent. Sch. Dist.*,
No. 16-CV-2768 (KMK), 2017 U.S. Dist. LEXIS 159568,
2017 WL 4326115 (S.D.N.Y. Sept. 27, 2017) ..............................................................12

*Schreiber v. E. Ramapo Cent. Sch. Dist.*,
700 F. Supp. 2d 529 (S.D.N.Y. 2010) ............................................................................14

*Somoza v. N.Y. City Dep't of Educ.*,
538 F.3d 106 (2d Cir. 2008) ............................................................................................8

*Streck v. Bd. of Educ.*,
280 Fed. Appx. 66 ..........................................................................................................14

*Streck v. Bd. of Educ.*,
408 Fed. Appx. 411 ......................................................................................................10

*Streck v. Bd. of Educ. of the E. Greenbush Cent. Sch. Dist.*,
642 F. Supp. 2d 105 ....................................................................................................10

*Vinluan v. Ardsley Union Free Sch. Dist.*,
2021 U.S. Dist. LEXIS 140265 ..................................................................12, 13, 14, 15

*VW v. New York City Dep't of Educ.*,
2022 U.S. Dist. LEXIS 147630 ........................................................................................8

*Walczak v. Florida Union Free Sch. Dist.*,
  142 F.3d 119 (2d Cir. 1998) ................................................................6

## **Statutes**

34 CFR § 300.507(d)(3)(i) .....................................................................5

34 CFR § 300.507(d)3(ii) ......................................................................5

34 CFR § 300.511(d) .............................................................................5

8 NYCRR § 200 *et seq.* ......................................................................16

8 NYCRR § 200.5(i)(7)(b) .....................................................................5

8 NYCRR § 200.5(j)(1)(ii) ......................................................................5

20 U.S.C. § 1400 *et seq.* ......................................................................1

20 U.S.C. § 1400(d)(1)(A) .....................................................................5

20 U.S.C. § 1415(b)(6)(A) .....................................................................5

20 U.S.C. § 1415(c)(2)(E)(i)(II) .............................................................5

20 U.S.C. § 1415(f)(1)(A) ......................................................................5

20 U.S.C. § 1415(f)(3)(B) ......................................................................5

20 U.S.C. § 1415(g)(1) ..........................................................................6

20 U.S.C. § 1415(i)(1)(B) .......................................................................6

20 U.S.C. § 1415(i)(2)(A) .......................................................................6

20 U.S.C. § 1415(i)(2)(C)(iii) ..................................................................6

42 U.S.C. § 1983 .....................................................................1, 3, 13, 15

N.Y. Educ. Law § 4404(1)(a) .................................................................5

N.Y. Educ. Law § 4404(1)(c) .................................................................6

N.Y. Educ. Law § 4404(3)(a) .................................................................6

Rehabilitation Act § 504 ...............................................1, 3, 13, 14, 15

## PRELIMINARY STATEMENT

Plaintiffs D.C.G. and D.G. (collectively, the "Parents"), individually and as parents and natural guardians of E.G. ("Student"), a child diagnosed with Specific Learning Disorders in reading (dyslexia), written expression, and math, as well as Generalized Anxiety Disorder, brings this action pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.,* (the "IDEA"), § 504 of the Rehabilitation Act ("§ 504"), 42 U.S.C. § 1983 ("§ 1983") and the New York Education Law ("Educ. Law"), against New York City Department of Education, New York City Board of Education, Chancellor David Banks, in his official capacity, and the City of New York ("Defendants"). Plaintiffs appeal from the Order of State Review Officer Justyn P. Bates ("SRO Bates") dated October 27, 2022, designated SRO Decision No. 22-111 (the "SRO Decision").

Plaintiffs commenced the underlying proceeding on September 1, 2021, seeking a finding that the education and related services offered to E.G. during School Years ("SY") 2019-20, 2020-21 and 2021-22 constituted a denial of a free and appropriate public education ("FAPE"), and seeking compensatory education services to account for that denial. In a Findings of Fact and Decision dated July 24, 2022 (the "FOFD"), IHO Keila Tennent found that the Department of Education failed to provide FAPE for the SYs at issue, and that the Parents' unilateral placement at Winston Prep, a non-public school was appropriate, but denied Parents' request for compensatory education. Plaintiffs appealed the denial of compensatory education. On appeal, SRO Bates found that the IHO's denial was appropriate and based on sound legal principles.

Plaintiffs now argue that SRO Bates erred in upholding the IHO's decision to deny compensatory education. For the reasons set forth below, this Court should affirm SRO Bates' decision in its entirety, deny Plaintiffs' motion, grant Defendants' cross-motion, and enter judgment for Defendants dismissing the Complaint.

## FACTUAL BACKGROUND

During SY 2014-15, the Student's third grade, the Parents referred the Student to the Committee on Special Education ("CSE"). ECF 23-1, at 8. DOE thereafter conducted a psychoeducational evaluation and classroom observation, and the Student was classified as a Student with a Learning Disability and began receiving Special Education Teacher Support Services ("SETSS") pursuant to her Individualized Education Program ("IEP"). *Id* at 8-9. In SY 2015-16, the Student's fourth grade, the Parents obtained a private neuropsychological evaluation, which determined that the Student possessed a "specific learning disorder with impairment in reading, decoding, and fluency, moderate, and [a] specific learning disorder with impairment in spelling and writing organization, moderate[,]" and that the Student was at risk for Anxiety Disorder. *Id.* at 9. The Student continued to receive SETSS through SY 2016-17, the Student's fifth grade. *Id.*

During a triennial review in the Student's sixth grade, SY 2017-18, she was found to be performing at grade level. *Id.* However, the CSE reconvened in January 2018 and recommended a new class ratio to address the student's needs: (1) integrated co-teaching services ("ICT") in math six times per week, and ICT services in ELA, social studies, and science five times per week each; (2) SETTS, (3) one 30-minute session of group (6:1) counseling services per week, and; (4) testing accommodations of extended time, separate location/room, revised test directions, and revised test format. *Id.* For seventh grade, SY 2018-19, the CSE reconvened, recommending ICT six periods per week in Math and five period per week in ELA, Social Studies and Science, to address the student's needs, in addition to the use of supplementary aids and books on tape and study guides, but discontinued counseling. *Id.* at 10.

The CSE reconvened on January 14, 2020, and largely kept the previously recommended services in place. *Id.* During the Student's ninth grade, SY 2020-21, the Parents

raised general concerns regarding the services being provided, and specifically with respect to the Student's diagnosis of Dyslexia, and sought a new private neuropsychological examination. *Id.* at 11. That examination yielded a report recommending that the Student receive higher levels of support, including counseling, to address the Student's anxiety. *Id.* That same year, the Parents also had the Student examined by EBL Coaching for her reading, spelling, written language and math skills. *Id.* That report recommended that "that the student receive 700 hours of 1:1 multisensory tutoring using Orton-Gillingham and similar." *Id.* The CSE reconvened in March 2021. Based upon the school psychologist's recommendation the CSE offered to add counseling services to the IEP, but the Parents rejected that recommendation. *Id.* at 12.

### a. Due Process Complaint ("DPC")

The Parents filed a DPC on September 1, 2021, asserting that the Student was denied FAPE for SYs 2019-20, 2020-21 and 2021-22[1]. *Id.* at 13. The Parents requested that the IHO determine that DOE failed to provide FAPE for the SYs at issue, and sought compensatory relief for SYs 2019-20 and 2020-21 as follows:

> [A] bank of private 1:1 instruction and remediation in reading, writing, and math to be provided by an instructor of their choosing, makeup services for any services that were not provided as mandated in the student's IEPs for the school years in question, assistive technology supports and services, and transportation costs for any relief awarded. The parents also requested placement at Winston Prep in their request for compensatory relief.

---

[1] Parents also asserted violations of § 504, Article 89 of the Educ. Law, and § 1983. ECF 23-1, at 13.

*Id.* at 14 (internal citations omitted). At hearing, DOE conceded FAPE, leaving only the issues of compensatory education for SYs 2019-20 and 2020-21, and whether Winston Prep constituted an appropriate placement for SY 2021-22, to be adjudicated. "The IHO determined that the parents' request for 700 hours of compensatory education was not supported by the weight of the evidence in the hearing record[.]" *Id.* Nonetheless, finding Winston Prep to be an appropriate placement, the IHO awarded direct funding for SY 2021-22. *Id.* at 15.

### b. SRO Appeal

The Parents appealed the IHO's decision, specifically requesting review on the issue of compensatory education, arguing that the IHO should have found that the Student required "intensive 1:1 instruction/tutoring and academic support" for SYs 2019-20 and 2020-21 despite currently receiving FAPE at Winston Prep, and should have awarded the Student 700 hours of 1:1 services[2]. *Id.* Pertinently, as noted by the SRO:

> [W]hile the parents argue that a determination as to compensatory education should focus solely on the 2019-20 and 2020-21 school years, with the student's placement at Winston Prep for the 2021-22 school year used only as relief for the 2021-22 school year, **it was appropriate for the IHO to take into account her order directing the district to fund the student's placement at Winston Prep for the**

---

[2] Parents also raised a separate issue concerning DOE's alleged failure to comply with a subpoena. ECF 23-1, at 16. This argument is a red herring, and it was dismissed by SRO Bates. *See* ECF 23-1, at 20 ("Accordingly, my review of the hearing record demonstrates that the parents had the opportunity to present a case at the impartial hearing and that the impartial hearing was conducted in a manner consistent with the requirements of due process by the IHO (see Educ. Law § 4404[2]; 34 CFR 300.514[b][2][i], [ii]; 8 NYCRR 200.5[j]).")

> **2021-22 school year when determining whether a compensatory education**
>
> **award was necessary for the prior two school years**[.]

*Id.* at 29 (emphasis added). Accordingly, the SRO upheld IHO Keila Tennent's decision not to award compensatory education for SYs 2019-20 and 2020-21.

## <u>LEGAL STANDARD</u>

The IDEA ensures "that all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A). School districts provide a FAPE when the district makes recommendations, set forth in a student's IEP, that are reasonably calculated to meet the Student's needs. *N.B. ex rel. H.B. v. New York City Dep't of Educ.*, 711 F. App'x 29, 32 (2d Cir. 2017) (citing *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206-07 (1982)).

If a parent wishes to challenge the recommendations made in a student's IEP, *i.e.*, believes that the district failed to offer a FAPE to their child, he or she may file a due process complaint outlining the alleged issues with the recommended program. 20 U.S.C. §1415(b)(6)(A). A parent's claims challenging an IEP will then be considered at an administrative hearing presided over by an IHO. *See* 20 U.S.C. § 1415(f)(1)(A); N.Y. Educ. Law § 4404(1)(a).

Under the IDEA and its implementing regulations, a party requesting an impartial hearing may not raise issues at the impartial hearing that were not raised in its due process complaint notice unless the other party agrees (20 U.S.C. §1415(f)(3)(B); 34 CFR 300.507(d)(3)(i), 300.511(d); 8 NYCRR 200.5(j)(1)(ii)), or the original due process complaint notice is amended prior to the impartial hearing per permission given by the IHO at least five days prior to the impartial hearing (20 U.S.C. §1415(c)(2)(E)(i)(II); 34 CFR 300.507(d)3(ii); 8 NYCRR 200.5(i)(7)(b)).

In New York State, an IHO's decision may then be appealed to the New York State Education Department's Office of State Review, where a State Review Officer will independently review the IHO's findings and decision. 20 U.S.C. § 1415(g)(1); N.Y. Educ. Law § 4404(1)(c). Although the SRO's decision is considered final, a party aggrieved by that decision may bring an action for relief in state or federal district court. 20 U.S.C. §§1415(i)(1)(B), (2)(A); N.Y. Educ. Law §4404(3)(a).

"While an IDEA appeal is in the form of a summary judgment motion, the existence of a genuine issue of material fact will not result in a denial." *Bettinger v. New York City Bd. of Educ.*, No. 06 Civ. 6889 (PAC), 2007 U.S. Dist. LEXIS 86116, at *4 (S.D.N.Y. Nov. 20, 2007). "Though the parties in an IDEA action may call the procedure 'a motion for summary judgment,' the procedure is in substance an appeal from an administrative determination, not a summary judgment [motion]." *M.H. v. New York City Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012). Thus, "the federal court reviewing an administrative decision under IDEA bases its decision on an independent review of the record using a 'preponderance of the evidence' standard." *Bettinger*, 2007 U.S. Dist. LEXIS 86116, at *5; 20 U.S.C. § 1415(i)(2)(C)(iii). However, Congress' provision of "independent" judicial review in IDEA cases is not construed as "an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Rowley*, 458 U.S. at 206. "While federal courts do not simply rubber stamp administrative decisions, they are expected to give 'due weight' to these proceedings, mindful that the judiciary generally 'lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.'" *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) (quoting *Rowley*, 458 U.S. at 206).

# ARGUMENT

## POINT I

### SRO BATES' DECISION TO DECLINE COMPENSATORY EDUCATION IS WELL ROOTED IN SECOND CIRCUIT JURISPRUDENCE AND SHOULD BE UPHELD.

While Plaintiffs properly note that DOE conceded FAPE at hearing, *see* Plaintiffs' Mem. of Law (ECF No. 28, at 13), that does not mean that compensatory education must—or even should—be awarded. Compensatory education is *but one* remedy for a denial of FAPE. *See P. ex rel. Mr. and Mrs. P. v. Newington*, 546 F.3d 111 at 123 (stating that "[t]he IDEA allows a hearing officer to fashion an appropriate remedy, and . . . compensatory education is **an available option** under the Act to make up for denial of a [FAPE]"; *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 456 (2d Cir. 2015) (emphasis added); *E.M. v. New York City Dep't of Educ.*, 758 F.3d 442, 451 (2d Cir. 2014); *Reid v. Dist. of Columbia*, 401 F.3d 516, 524 (D.C. Cir. 2005) (holding that, in fashioning an appropriate compensatory education remedy, "the inquiry must be fact-specific, and to accomplish IDEA's purposes, the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place").[3]

Compensatory education is "prospective equitable relief" that requires a school district to fund additional educational services "as a remedy for any earlier deprivations in a child's education." *Somoza v. N.Y. City Dep't of Educ.*, 538 F.3d 106, 109 n.2 (2d Cir.

---

[3] SRO Bates affirmed the IHO's award of tuition reimbursement as an appropriate remedy for deprivation of FAPE. "Where a school district denies a disabled child a FAPE, the parents may place the child in an appropriate private school and then seek tuition reimbursement from the school district." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 835. This determination should be given deference. *FB v. N.Y. City Dep't of Educ.*, 923 F. Supp. 2d 570, 581 ("the Second Circuit has instructed that deference to an SRO 'is particularly appropriate when . . . the state hearing officers' review has been thorough and careful" and is 'reasoned and supported by the record.'")

2008) (citation omitted).  This form of relief "serves to compensate a student who was actually educated under an inadequate IEP and to catch-up the student to where he should have been absent the denial of a FAPE." *S.A. ex rel. M.A.K. v. N.Y. City Dep't of Educ.*, No. 12-CV-0435, 2014 U.S. Dist. LEXIS 42649, 2014 WL 1311761, at *7 (E.D.N.Y. Mar. 30, 2014) (internal quotation marks omitted).

SRO Bates affirmed the FOFD on the basis that the IHO's denial of compensatory education was well-reasoned. In reviewing the IHO's reasoning, SRO Bates cited *Phillips v. District of Columbia*, 932 F. Supp. 2d 42, for the proposition that a failure to provide FAPE does not necessitate an award of compensatory education, either because it would be of no value to the student or because the student has flourished in their current placement.

While the D.C. District Court decision is not binding on this Court, the rationale set forth therein aligns with Second Circuit jurisprudence. *See e.g. Killoran v. Westhampton Beach Sch. Dist.*, 2022 U.S. Dist. LEXIS 58579: "It is well-settled that the finding of a FAPE violation does not, without more, trigger an entitlement to compensatory education." *Id.* at 19. In *Killoran*, the Eastern District upheld SRO Bates' decision to not award compensatory education (despite finding that the School District denied FAPE), stating:

> This Court agrees with SRO Bates' finding that no compensatory education was required to compensate [the Student] for the denial of [a] FAPE because any deficiencies he had suffered already had been mitigated through his pendency placement. Therefore, [the Student] was in the position []he would have occupied had the [D]istrict complied with its obligations under the IDEA.

*Id. at* 23-24 (internal quotation marks omitted).

11

Further, the *Killoran* Court held that "awarding compensatory education []when there is 'no discernible lost progress' is unwarranted and 'would be akin to awarding damages which is not appropriate under the IDEA.'" (citing *A.S. v. Harrison Twp. Bd. of Educ.*, No. 14-CV-0147, 2016 U.S. Dist. LEXIS 57008, 2016 WL 1717578, at *4 (D.N.J. Apr. 29, 2016). This holding was well rooted in the Second Circuit's decision in *Polera v. Bd. of Educ.*, 288 F.3d 478, 486 (2d Cir. 2002) ("The purpose of the IDEA is to provide educational services, not compensation for personal injury, and a damages remedy--as contrasted with reimbursement of expenses--is fundamentally inconsistent with this goal").

Plaintiffs cite *Streck v. Bd. of Educ.*, 408 Fed. Appx. 411, for the proposition that "[i]n enacting the IDEA, Congress did not intend to create a right without a remedy." *Id.* at 15. Plaintiffs' citation is inapposite, as *Streck* concerned the School District's failure to set aside money to fund compensatory services following an SRO's award of compensatory education to place the Student in the position they otherwise would have been but for the denial of FAPE. *Streck v. Bd. of Educ. of the E. Greenbush Cent. Sch. Dist.*, 642 F. Supp. 2d 105. In short, the decision concerned funding for previously awarded services, not whether services should be awarded.

Further, Plaintiffs make the unavailing argument that compensatory relief is typically crafted to correspond to a specific school year; the implication here being that tuition reimbursement applied to school year 2021-22, alone, could not have been a remedy for FAPE deprivations in school year 2019-20 and 2020-21. This is a red herring: The IDEA supplied no remedy for school years 2019-20 and 2020-21 *at the time that the Plaintiffs submitted their DPC*, because the Student was performing at or above grade level at that point in time (discussed below).

### a. E.G. performed on grade level at Winston Prep during SY 2021-22

By July 22, 2022, the close of the record in the IHO Hearing, E.G. had progressed academically, such that compensatory education would not constitute an appropriate award under the IDEA. Plaintiffs' argument that the "student's deficits had not been remediated", Plaintiffs' Mem. of Law (ECF No. 28), 12-13, is unsupported by the administrative record; SRO Bates engaged in a careful analysis of the Student's academic record for the time period at issue, weighed both the Parent's and DOE's evidence, and ultimately found that:

> the record shows that despite the student having areas of difficulty that were reflected in her scores on portions of the January 2021 psychoeducational evaluation, at the time of the March 2021 CSE meeting, the student was engaging in grade level curriculum, including participating in an advanced placement (AP) class, and was receiving passing or better grades. The student's permanent record shows that the student finished the 2020-21 school year with a cumulative average of 80.50 percent and earned 21 credits toward graduation[.]

ECF 23-1, at 20. Much like in *Killoran*, the Student's placement mitigated any potential for an award of compensatory education.

Put plainly, Plaintiffs are attempting to relitigate facts that were not credited at the administrative level by IHO Tennent and SRO Bates (*see* Plaintiffs' Mem. of Law (ECF No. 28, at 28-34), whose expertise on the subject matter should be afforded deference. *FB v. N.Y. City Dep't of Educ.*, 923 F. Supp. 2d 570. *M.H. v. New York City Dep't of Educ.*, 685 F.3d 217 (IHOs' factual determinations are treated with deference). For example, concerning the EBL Coaching director's opinion that the Student requires 700 hours of compensatory education, SRO Bates notes:

The director opined that based on her testing results along with her review of the 2015 neuropsychological evaluation, 2018 educational evaluation, 2021 psychoeducational evaluation, and the student's IEPs from 2015, 2017, 2018, and 2020, the student required 700 hours of 1:1 multisensory tutoring. **However in making this recommendation the director acknowledged that she did not review teacher evaluations or reports, speak with the student's teachers, or observe the student in school**. She also conceded that she did not create written reports for the evaluations she administered, although she explained that she had raw data that she scored and put together in her affidavit . . . .

ECF 23-1, at 27 (emphasis added).

Based on these findings of fact, SRO Bates applied sound legal principles to uphold IHO Tennent's denial of compensatory education. Accordingly, Plaintiffs' attempts to overturn SRO Bates' decision should be dismissed.

## POINT II

## PLAINTIFFS' SYSTEMIC CLAIMS ARE BOILERPLATE AND UNAVAILING.

Plaintiffs seek to shoehorn claims of systemic violations of the IDEA against the DOE. Complaint, ECF No. 1, at 31-32. In order to "allege a systemic violation, Plaintiffs must allege a 'policy of general applicability that is contrary to law [and not] directed at any individual child.'" *Vinluan v. Ardsley Union Free Sch. Dist*., 2021 U.S. Dist. LEXIS 140265, *23-24 (citing *Reyes v. Bedford Cent. Sch. Dis*t., No. 16-CV-2768 (KMK), 2017 U.S. Dist. LEXIS 159568, 2017 WL 4326115, at *9 (S.D.N.Y. Sept. 27, 2017)).

*L.B. v. New York City Dep't of Educ*., 2023 U.S. Dist. LEXIS 19735 is instructive. There, several of Plaintiffs' systemic claims against the DOE were dismissed on the grounds that Plaintiffs supplied boilerplate language. Specifically, with respect to Plaintiffs' allegation that

14

DOE's IEP teams "are not authorized to provide individualized reasonable accommodations and modifications' to students with IEPs, and that Defendants lack appropriate policies, procedures, and guidance to do so", *id.* at 18, Judge Caproni found, "[t]hese half-baked allegations are insufficient to state a systemic claim." *Id.* at 19. Similarly, concerning Plaintiffs' claim that DOE failed to conduct age-appropriate transition assessments, Judge Caproni found that "Plaintiffs do not allege any specific facts that would allow the Court reasonably to infer that [the Student] was injured by the alleged absence of individualized transition plans, let alone that disabled students as a whole are injured by Defendants' purported systemic violations." *Id.* at 19-20. *See also M.M. v. New York City Dep't of Educ.*, 2017 U.S. Dist. LEXIS 47812 (dismissing systemic IDEA violations for failure to plead sufficient facts).

Here, Plaintiffs' claims suffer from the same maladies. *See* Complaint, ECF No. 1, ¶ 221: "Defendants applied illegal blanket policies and practices with respect to E.G.'s evaluations and the development of E.G.'s IEPs, did not ensure that their continuum of service options for students with dyslexia such as E.G. included the necessary services, and did not make decisions based upon E.G.'s individual needs." Because Plaintiffs fail to allege facts sufficient to give rise to a cognizable claim for systemic violations under the IDEA, those claims should be dismissed.

## POINT III

### PLAINTIFFS' CLAIMS UNDER § 504 OF THE REHABILITATION ACT, 42 U.S.C. § 1983 AND NEW YORK EDUCATION LAW ARE SIMILARLY UNAVAILING

Similar to their systemic violations claim, Plaintiffs unavailingly attempt to shoehorn claims under § 504, § 1983 and the Educ. Law. Complaint, ECF No. 1. These additional claims are without merit and should be dismissed.

    **a.  § 504**

Plaintiffs claim that the allegations raised with respect to IDEA violations likewise give rise to a cause of action under § 504. Specifically, Plaintiffs allege that "Defendants' conduct was knowing, intentional, reckless, and gross." *Id.*, ¶ 228.

In order to state a cause of action under § 504, Plaintiffs must demonstrate, amongst other things, that they have been excluded or otherwise discriminated against. *Vinluan v. Ardsley Union Free Sch. Dist.*, 2021 U.S. Dist. LEXIS 140265. "Exclusion or discrimination may take the form of disparate treatment, disparate impact, or failure to make a reasonable accommodation." *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158. In an action related to a denial of FAPE a complaint must allege "that a school district acted with deliberate or reckless indifference to the student's federally protected rights or with 'bad faith or gross misjudgment.'" *Schreiber v. E. Ramapo Cent. Sch. Dist.*, 700 F. Supp. 2d 529, 564 (S.D.N.Y. 2010).

In *Vinluan*, the Court held that Plaintiffs' § 504 claim failed for two reasons. First, because the Complaint "merely challenges the content and sufficiency of [the Student]'s IEP and not [their] access to an IEP." *Id.* at 21. *See also Streck v. Bd. of Educ.*, 280 Fed. Appx. 66 (same); *M.M. v. New York City Dep't of Educ.*, 2017 U.S. Dist. LEXIS 47812 (same). And, second, because the Complaint "fails to allege any facts suggesting Defendants acted with deliberate or reckless indifference to [the Student]'s federally protected rights or with bad faith or gross misjudgment." *Vinluan*, at 21. *See also M.M.*, 2017 U.S. Dist. LEXIS 47812, at 39 ("A technical FAPE deprivation when the student is provided with such services is not the result of bad faith or gross misjudgment. The same applies to [the Student]'s claims under Section 504 alleging systemic violations of the IDEA.")

Here, Plaintiffs' claims suffer from the same deficiencies. Plaintiffs merely challenge the appropriateness of the IEP, not the Student's access to special-education services.

Indeed, IEP meetings were held for this student for the years prior to those challenged, and for the challenged years; evaluations were done and changes to the IEP to address the student's needs were made.  There is no doubt that the student had actual access to special education services.

And, second, the Complaint makes bald accusations, and therefore fails to establish a bare minimum of facts alleging that the violations complained of are subject to bad faith or gross misjudgment.  In fact, the record suggests that the DOE acted with solicitude to the Student's educational needs; SRO Bates articulates that the DOE crafted an IEP tailored to the Student's needs and implemented the recommended services.  Further, the Student was meeting grade-level performance standards. ECF No. 23-1, at 20; ECF No. 23-3, at 7. These allegations fall far short of evidencing bad faith or gross misjudgment. As such, Plaintiffs' § 504 claim should be dismissed.

### b.  § 1983

Plaintiffs' § 1983 claim appears to be rooted in their allegations that DOE failed to "supervise and train their employees and agents concerning the federal and state laws and policies concerning general and special education services," Complaint, ECF No. 1, ¶ 233, and that DOE "fail[ed] to have adequate policies, procedures, protocols, and training to ensure that the provisions of the IDEA and Section 504 . . . ." *Id.*, ¶ 234. "To state a claim under Section 1983, a plaintiff must allege (1) the challenged conduct was attributable to a person who was acting under color of state law and (2) 'the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution.'" *Vinluan*, 2021 U.S. Dist. LEXIS 140265, *24 (quoting *Castilla v. City of New York.*, No. 09 Civ. 5446(SHS), 2013 U.S. Dist. LEXIS 61633, 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013)). While it remains unclear whether Plaintiffs are alleging that their Procedural Due Process rights were violated, "[i]t is well settled . . . that a plaintiff asserting a constitutionally based § 1983 claim for procedural violations of the IDEA must establish a constitutional violation

'outside the scope of the IDEA.'" *Engwiller v. Pine Plains Cent. Sch. Dist.*, 110 F. Supp. 2d 236, 250 (S.D.N.Y. 2000). As such, Plaintiffs fail to establish any claims beyond their appeal of SRO Bates' decision. To the extent that the Court interprets Plaintiffs' Complaint to allege a violation of Equal Protection, Plaintiffs "must allege (1) 'purposeful discrimination directed at an identifiable or suspect class,' and (2) 'that similarly situated people were treated differently.'" *Vinluan*, at 29.

Much like in *Vinluan*, here, "Plaintiffs' claim[s] fail to meet this standard because they consist of conclusory allegations regarding policy . . . ." *Id.* Plaintiffs offer no specific allegations that the DOE has failed to supervise and/or train their employees and agents on their obligations under the IDEA and/or its State analogue, and therefore their cause of action should be dismissed.

### c.  Educ. Law

Finally, Plaintiffs' Educ. Law cause of action reasserts the allegations made in reference to their general claims under the IDEA. Complaint, ECF No. 1, ¶¶ 237-48. 8 N.Y.C.R.R. § 200 *et seq.* are the New York State regulations implementing the IDEA. Notably, these regulations do not support a private right of action. *See Ctr. for Discovery, Inc. v. D.P.*, 2018 U.S. Dist. LEXIS 55450, at *23 (E.D.N.Y. Mar. 31, 2018). Further, Plaintiffs fail to allege any facts or allegations specific to their Educ. Law claims. *See M.M. v. New York City Dep't of Educ.*, 2017 U.S. Dist. LEXIS 47812, 48 ("[Plaintiff] alleges no facts supporting this allegation and neither party specifically addresses these claims in their submission"). Accordingly, since these regulations do not support private rights of action, Plaintiff's claim must be dismissed.

## POINT IV

## EQUITABLE CONSIDERATIONS FAVOR DOE

While the DOE conceded FAPE at hearing, the record demonstrates that the DOE took care to meet the Student's challenges and craft an appropriate IEP. Indeed, even for years where the DOE conceded FAPE, the IEP meetings to address the Student's needs were held, and the student was at or about grade level.  As articulated above, the only issue that Plaintiffs raise in earnest is whether SRO Bates' decision to uphold the IHO's determination not to award compensatory education was rooted in sound legal principles.  Indeed, IHO Tennent heard the witnesses, made sound determinations on the facts at issue, and the SRO appropriately made the legal determination to uphold it. The public interest is best served by upholding well-rooted jurisprudence. SRO Bates affirmed the award of tuition reimbursement, and the DOE does not seek to overturn that decision. Accordingly, Plaintiffs have already received what they are entitled to under the law, and should not receive additional compensation.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's motion for summary judgment, grant Defendants' cross-motion for summary judgment, dismiss the Complaint in its entirety, and grant Defendants such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             September 27, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-0418

By: _____/s/_____

Jason Imbiano