THE LAW OFFICE OF
# ELISA HYMAN, P.C.

February 3, 2025

*VIA ECF*
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

> Re: *D.C.G. et al. v. New York City Dep't of Educ. et al.*
> No. 23-cv-1337 (JPC) (JW)

Dear Judge Cronan:

    I represent the Plaintiffs in the above-referenced case and am writing jointly with Defendants' counsel to request an extension of time for the parties to submit the final stipulation of settlement and the Infant Compromise Order. The parties are almost completed negotiating the terms of the stipulation; we thought we would be finished today but some last minute questions arose that we are trying to finalized. This is the parties first request for an extension. We apologize for not submitting this application earlier as required by the Court's Individual Rules. We did not realize last week that there were some issues to address with the stipulation.

    Moreover, the parties wanted to request clarification about the Court's directive ordering the parties to submit an Infant Compromise Order. The now-former student in this case ("E.G") is eighteen years old. She is not considered to be intellectually disabled, and her parents do not have guardianship. Under New York state law, special education rights do not transfer to children at the age of majority, and the parties are finalizing the settlement, which is why Plaintiffs have not sought to amend the complaint to add the former minor in her own individual capacity.

    Considering the above, the parties respectfully assert that the Infant Compromise provisions are no longer applicable, and request that the Court consider waiving them. This is particularly the case here, where damages are not part of the relief being sought. Rather, the case is being settled for equitable relief for E.G. and attorney's fees owed by the parents.

    If the Court agrees to waive the Infant Compromise submission, the parties are requesting a ten-day extension to file the stipulation of settlement. If the Court does not agree to waive the Infant Compromise submission, the parties are requesting a 30-day extension of time, as the

Defendants will need to seek additional approval from the New York City comptroller for the legal fees that will be associated with the preparation of the submission.

    Thank you for Your Honor's attention to this matter and consideration of the request herein.

Respectfully Submitted,
THE LAW OFFICE OF ELISA HYMAN, P.C.

*/s Elisa Hyman*
By: _____

Elisa Hyman, Esq.

cc: All counsel of record via ECF

> The requests are granted. The parties may file the stipulation of settlement on or before February 14, 2025. Based on the parties' representation that E.G. is no longer a minor, the Court waives the infant-compromise provisions of Local Civil Rule 83.2(a)(1). *See Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005) (observing that "a district court has inherent authority to determine when to overlook or excuse a departure from its own local rules").

SO ORDERED.
Date: February 3, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge

2